UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHANICE KRISTIE BRAUN,<br><br>    Plaintiff,<br><br>    v.<br><br>CARRINGTON MORTGAGE SERVICES, LLC, et al.<br><br>    Defendants. | Case No. 4:25-cv-00414-AKB<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

Pending before the Court is Plaintiff Shanice Kristie Braun's Application for Leave to Proceed in Forma Pauperis (Dkt. 1), her Complaint (Dkt. 2), and her Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. 3). Pursuant to 28 U.S.C. § 1915, this Court must review Plaintiff's request to determine whether she is entitled to proceed in forma pauperis, which permits civil litigants to proceed without prepayment of the full filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, No. 1:13-CV-00441-CWD, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court must also undertake an initial review of Plaintiff's complaint to ensure it meets the minimum required standards. *See* 28 U.S.C. § 1915(e)(2).

For the reasons below, the Court denies Plaintiff's Application for Leave to Proceed In Forma Pauperis, dismisses her Complaint without prejudice, and denies her motion for a temporary restraining order.

**INITIAL REVIEW ORDER - 1**

##### I.  APPLICATION TO PROCEED IN FORMA PAUPERIS

Any party instituting a civil action in a federal district court is required to pay a filing fee. 28 U.S.C. § 1914. On application, however, a party may proceed in forma pauperis. 28 U.S.C. § 1915. The Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). To qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets she possesses and that indicates she is unable to pay the fee required. *Id.* The affidavit is sufficient if it states the plaintiff, because of her poverty, cannot "pay or give security for the costs" and still be able to provide for herself and dependents the "necessities of life." *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted).

The Court has reviewed Braun's in forma pauperis application. Braun's attached affidavit specifies limited information regarding income and assets. (Dkt. 1). In addressing her disability income and bank accounts, she lists "$0" for those accounts and states, "[n]ot included in total monthly incomes as protected under federal law" or "disability income disclosed below is protected from levy, garnishment, and legal process under 42 U.S.C. § 407" (Dkt. 1 at 3, 4). She further contends her other assets are "Held in Private Express Trust" and suggests that she is not required to disclose their value (*id.* at 4-5). As a result, the Court is unable to determine whether Braun qualifies to proceed in forma pauperis based on her application because it lacks particularity, definiteness, and certainty. Specifically, without complete information regarding her income and assets, the Court cannot determine whether she can provide for herself. Accordingly, the Court

INITIAL REVIEW ORDER - 2

denies her application to proceed in forma pauperis without prejudice. Braun may resubmit a complete application within twenty-one days of the disposition of this order or pay the full filing fee. Any amended application should contain credible or plausible information regarding Braun's income, expenses, and other factors bearing upon her ability to pay the filing fee.

## II. SUFFICIENCY OF THE COMPLAINT

The Court is required to screen complaints brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii).

During this review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Crotts v. Cnty. of Los Angeles*, 990 F.2d 1256, *1 (9th Cir. 1993) (unpublished table opinion) ("In civil rights actions, allegations of a pro se complaint, however inartfully pleaded, should be liberally construed.") (citing *Lopez v. Dep't of Health Servs*, 939 F.2d 881, 882-83) (9th Cir. 1991) (per curiam). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

Braun's complaint must be dismissed because it contains no allegations supporting claim for relief (Dkt. 2). To state a claim upon which relief can be granted, a plaintiff's complaint must

include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This standard means "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *id.* (citing *Twombly*, 550 U.S. at 556), or provides sufficient facts "to raise a reasonable expectation that discovery will reveal evidence of" the defendant's wrongdoing. *Twombly*, 550 U.S. at 556.

In her one-page complaint, dated July 28, 2025, Braun requests that the Court void the foreclosure of her property (Dkt. 1), which she represents was scheduled for July 28 (Dkt. 3 at 2). She then lists several defendants, which appear to include a mortgage company, the Department of Veterans Affairs, her home inspector, title company, and several state and county officials (Dkt. 2 at 1-2). Her complaint contains no narrative, description of her claims, or details regarding which defendant committed what grievance (*id.*). In one sentence, she states she brings this action "against multiple parties for fraud, duress, violations of federal law, denial of ADA accommodations, and obstruction" (*id.*). She provides no other detail regarding these claims or how they relate to her foreclosure. Additionally, Braun checks seven different "nature of suit" descriptions in the Court's Civil Cover Sheet (Dkt. 2-1) ("Recovery of Overpayment & Enforcement of Judgment," "Other Contract," "Foreclosure," "Other Civil Rights," "Amer. w/ Disabilities-Employment," "Amer. w/Disabilities Other," and Consumer Credit"). Braun provides these details only on the civil cover sheet which, according to this Court's local rules, "[has] no legal effect in the action." Dist. Idaho Loc. Civ. R. 5.2(e). Even with this cover sheet, Braun

provides no supporting facts for her claims. Accordingly, the Court finds that the complaint fails to state a claim upon which relief can be granted.

Braun's motion for a temporary restraining order must also be dismissed. Under Rule 65 of the Federal Rules of Civil Procedure, a party may obtain injunctive relief before a final judgment in certain limited circumstances. "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). A plaintiff seeking a preliminary injunction must establish that she is likely to succeed on the merits; she is likely to suffer irreparable harm in the absence of preliminary relief; the balance of equities tips in her favor; and an injunction is in the public interest. *Id.* at 20 (explaining the four main "*Winter*" factors for granting a preliminary injunction).

Braun's motion for a temporary restraining order contains no specific claim for relief or factual allegations to support a claim. Braun seeks only to halt her foreclosure and declare any sale void (Dkt. 3). As a principal issue, Braun filed her motion the same day she represents the sale took place: July 28 (*id.* at 2) (stating the sale was "scheduled for July 28"). Thus, even with the Court liberally construing her complaint, Braun appears to seek an injunction for an event that has already taken place. Notwithstanding the potential mootness of her request, the motion contains no legal or factual basis for the Court to preliminarily enjoin the foreclosure. Accordingly, the Court denies the motion.

As a broader issue, the Court notes Braun references ongoing proceedings in state court that may be related to the foreclosure. She states, "I've been denied due process in the state court system despite multiple filings and 183+ pages of evidence" (Dkt. 1 at 8). Under the *Younger* Doctrine, federal courts are to give proper respect to state functions, including the state courts, and

therefore, are not to interfere with (1) ongoing state proceedings that (2) implicate important state interests and (3) give adequate opportunity to raise constitutional issues. *Potrero Hills Landfill, Inc. v. Cnty. of Solano*, 657 F.3d 876, 882 (9th Cir. 2011) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Additionally, the Ninth Circuit has explained that abstention is appropriate when (4) the federal court's action would, in effect, enjoin the state proceedings. *Id.* The *Younger* Doctrine applies to civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Mulholland v. Marion Cnty. Election Bd.*, 746 F.3d 811, 815 (7th Cir. 2014) (quoting *Sprint Communs., Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013)).

To the extent Braun's foreclosure relates to an ongoing state proceeding, the Court must abstain from this case under *Younger*. Should the Court grant Braun relief while she litigates her foreclosure in state court, the Court would effectively prohibit her state proceeding from continuing. Accordingly, to the extent Braun's foreclosure relates to an ongoing state proceeding and assuming Braun can allege factual supporting a viable claim for relief, the Court would have to abstain under *Younger* from addressing that claim because any relief would have the effect of enjoining an ongoing state proceeding.

### III.   ORDER

**IT IS ORDERED that:**

1.   Plaintiff Shanice Kristie Braun's Application for Leave to Proceed In Forma Pauperis (Dkt. 1) is **DENIED WITHOUT PREJUDICE**. Braun may file an updated in forma pauperis application that includes credible or plausible information regarding Braun's income, expenses, and other factors bearing upon her ability to pay the filing fee, or she may pay the full

filing fee. Any future in forma pauperis application must be filed within twenty-one (21) days of the issuance of this Order. Failure to submit an updated application or pay the full filing fee within thirty days of this Order will result in dismissal of this case with prejudice and without further notice.

    2.    Plaintiff Shanice Kristie Braun's Complaint (Dkt. 2) is **DISMISSED WITHOUT PREJUDICE.** Braun may file an Amended Complaint that corrects the deficiencies the Court has identified in this Order. Braun must also explain the current status of state court proceedings regarding her foreclosure, provide citations regarding any related state proceedings, and explain why this Court's adjudication of her claims would not be contrary to *Younger v. Harris*, 401 U.S. 37 (1971). Braun must file her Amended Complaint within **twenty-one (21) days** of the issuance of this Order. Failure to submit an Amended Complaint within the ordered timeframe will result in full dismissal of this case with prejudice and without further notice.

    3.    Plaintiff Shanice Kristie Braun's Motion for a Temporary Restraining Order or Preliminary Injunction (Dkt. 3) is **DENIED.**

DATED: July 29, 2025

Amanda K. Brailsford
U.S. District Court Judge